[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an action brought by the plaintiff labor union — North Haven Professional Firefighters Association, Inc. — against the defendant employer — Town of North Haven — for injunctive relief and for monetary damages. The union alleges that the town requires union members work excessive hours of involuntary overtime. The union presents this matter to the court initially on an Application for Temporary Injunction, asking for an order of the court directing the defendant to halt this practice pending a full adjudication of the lawsuit on the merits.
The defendant has filed a Motion to Dismiss, which, at the court's request and with the acquiescence of the plaintiff, has been presented to the court initially addressing only the first count of the complaint praying for injunctive relief. The court heard evidence and arguments related to the motion and has received memoranda of law. CT Page 13917
The issue raised by the defendant in its motion is that this court has no jurisdiction to entertain the first count of the complaint and the application for temporary injunction because the plaintiff has failed to exhaust administrative remedies. The defendant has presented evidence that any of three avenues of administrative relief are available and adequate for the presentation of these claims by the plaintiff and its members. First among these is the grievance procedure initiated by individual union members who have complained about the "ordering-in" procedure. Several firefighters have filed unsuccessful grievances on the same issue, and the union has demanded arbitration on behalf of these grievants before the State Board of Mediation and Arbitration pursuant to the terms of the contract and Conn. Gen. Stat. § 7-472.
Secondly, the defendant points out that the union claims that the policy of the town compelling members of the bargaining unit to work overtime constitutes an unfair labor practice prohibited by Conn. Gen. Stat. § 7-470. In recognition of this potential remedial avenue, the union filed two complaints with the State Board of Labor Relations addressing parts of the issue now before this court. In one, the administrative complaint requests the Board to compel the town to "provide adequate staffing so as not to continue to endanger firefighter's health and safety." Case No. MPP-19,990 (April 29, 1998). In the other the union asks the Board to prohibit the town from disciplining any employee who asserts that the ordering-in process is harming his health. Case No. MPP-20,186 (July 27, 1998). Interestingly, the union withdrew both of these prohibited practice complaints on September 9, 1998, in favor of an early opening of negotiations on a new contract. The union then refiled both complaints on September 13, 1999, after the filing of this lawsuit.
Third, the defendant maintains that the plaintiff can bargain over this subject. This is an interesting argument given the fact that the evidence discloses that the town has taken the position that this is actually a staffing issue not subject to the collective bargaining process. The union evidently dropped its demand for an end to involuntary overtime during the recent round of bargaining, giving priority to other issues. Nonetheless the town maintains that if the plaintiff union demanded such a provision in the contract and an agreement failed to materialize as a result of an impasse, the union has recourse to the mandatory arbitration procedure of Conn. Gen. Stat. § 7-473(c) CT Page 13918 through the State Board of Mediation and Arbitration. There is currently pending an application for binding arbitration under that section, filed on August 16, 1999, by the union; and it is unclear from the evidence whether the union has sought to include the involuntary overtime issue as one of the submissions.
The union concedes that these administrative remedies are available but argues that none of these remedies is adequate because each takes such a long time and the union wants the practice to be stopped immediately. The evidence suggests that a resolution of the dispute through any of these administrative avenues can take one to two years. The union therefore urges this court to deny the motion to dismiss on the grounds that none of the administrative remedies is adequate.
It is well-settled that the failure of a plaintiff to exhaust available administrative remedies deprives the Superior Court of jurisdiction to hear plaintiffs claims. Hunt v. Prior,236 Conn. 421, 431 (1996). The plaintiff opposes dismissal under one of the exceptions to the exhaustion doctrine: that recourse to the administrative remedy would be demonstrably futile or inadequate. See Labbe v. Pension Commission, 229 Conn. 801 (1994). At oral argument, the court asked each side for any precedent that might establish the proposition that an otherwise adequate administrative remedy can be held inadequate because of the length of the administrative process. Neither side was aware of any such legal authority.
The closest case in the annals of Connecticut administrative law to the specter raised by the plaintiff is found in Pet v.Department of Health Services, 207 Conn. 346 (1988). In that case, the plaintiff Dr. Donald Pet was the respondent in an administrative hearing before the Connecticut Medical Examining Board pursuant to a petition brought by the Department of Health Services. Challenging the failure of the Board to schedule sequential hearing days so as to conclude the hearing in a timely fashion, the plaintiff, while the hearing was in progress, applied to the Superior Court for a temporary injunction directing that the hearing be concluded within a certain specified time frame. The trial court found for the plaintiff and, despite the pendency of the procedures before the administrative agency, issued an injunction that had the effect of speeding up the agency's timetable. The Supreme Court reversed, holding that Superior Court should have granted the defendant's motion to dismiss the application for injunctive CT Page 13919 relief on the grounds that the plaintiff was first required to exhaust his administrative remedies. Id. Specifically, the Supreme Court concluded that the delay in a final administrative resolution because of the limited number of hearing days devoted to the case each month did not render the administrative remedy futile. Id., 362-366. The court did envision that judicial intervention might be available in the case of "a hearing that has dragged on without resolution because of inexcusable actions by the defendants . . ." id., 373; but the court noted that the administrative framework "was not designed for instant resolution." Nor, usually, is the judicial process.
Likewise, the fact that the remedies sought by the plaintiff in the instant case do not happen according to the plaintiff's preferred timetable does not mean that the administrative remedies are inadequate. Moreover, as occurred in Pet, supra, the plaintiff itself has been responsible for much of the delay. The plaintiff union first filed unfair labor practice complaints last year encompassing in part the disputed issue before this court, only to withdraw them to pursue another tack. They were refiled only last month after the commencement of this lawsuit.
Another major problem with the plaintiffs argument is that the regulations of at least one of the administrative agencies involved allows for an expedited hearing procedure if the circumstances warrant. The Board of Labor Relations has the authority to entertain a request that it issue an interim "cease and desist" order, pursuant to Regs., Conn. St. Ag. § 7-471-36. The time requirements for action by the Board on such a request are speedy. Unless the request is dismissed on the papers or the parties agree to some other time schedule, the Board must commence a hearing within ten days and must issue a decision on the request for interim relief within twenty days of the conclusion of the hearing. Regs., Conn. St. Ag. § 7-471-36(e). The legal standard for issuing such an interim order is much the same as the standard for temporary injunctive relief: a consideration of the harm to each party, including a determination of whether the harm is irreparable; the probability that the complainant will succeed on the merits; and the interests of the public. Regs., Conn. St. Ag. § 7-471-36(g). Moreover if such an order were issued and the defendant failed to comply, the general counsel to the Board is empowered to seek immediate enforcement through an action in Superior Court. Regs., Conn. St. Ag. § 7-471-36(h). CT Page 13920
In light of the ability not only to obtain a final resolution of the matter through administrative processes, but also to apply for "emergency" relief, the argument of the plaintiff union that the administrative remedies are inadequate must fail.[1] The Motion to Dismiss is granted as to the First Count of the Complaint, and the Application for Temporary Injunction is accordingly denied.
Patty Jenkins Pittman Judge of the Superior Court